**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL KRASNANSKY, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>                              Plaintiff,<br><br>          v.<br><br>JCCA f/k/a JEWISH CHILDCARE ASSOCIATION,<br><br>                              Defendant. | Case No.: 22-cv-6577<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff MICHAEL KRASNANSKY ("Plaintiff" or "Krasnansky"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant JCCA f/k/a JEWISH CHILDCARE ASSOCIATION ("Defendant" or "JCCA")), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), that he and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime wages, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime wages and interest thereon, due to time shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b),

28 U.S.C. §§ 1331, 1337 and 1343.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff Michael Krasnansky is a resident of Putnam County, New York.

6.      Defendant JCCA, formerly known as Jewish Child Care Association, provides comprehensive care to children, young people, and families.

7.      JCCA maintains its headquarters at 858 East 29th Street, Brooklyn, New York, and a campus in Pleasantville, New York.

8.      Defendant engages in an enterprise a) whose annual volume of sales made or business done is not less than $500,000, and b) the activities of which affect interstate commerce in that the employees of each Defendant handles goods and materials produced outside of New York (including vehicles, tools, cleaning supplies, and other items) that have moved in interstate commerce.

9.      Defendant is an employer subject to the FLSA.

10.      Defendant is an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and any regulations thereunder.

11.      At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.      Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to Residential Workers, Facilities Employees, Safety Workers, Social Workers, Support Staff, Per Diem Staff, and Administrators) employed by Defendant on or after the date that is six (6) years

before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving.

14.     The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

16.     The FLSA Collective Plaintiffs are readily ascertainable.

17.     For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

18.     Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant and/or via electronic mail.

## RULE 23 CLASS ALLEGATIONS

19.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to Residential Workers, Facilities Employees, Safety Workers, Social Workers, Support Staff, Per Diem Staff, and Administrators) employed by Defendant on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class Members").

20.     At all relevant times, Plaintiff and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been

3

subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to time shaving.

21.     The claims of Plaintiff stated herein are essentially the same as those of Class Members.

22.     Class Members are readily ascertainable.

23.     The number and identity of the Class Members are determinable from the records of Defendant.

24.     The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendant's records.

25.     For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

26.     Notice can be provided by means permissible under F.R.C.P. 23.

27.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

28.     Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, there is no doubt that there are more than one hundred (100) members of the Class.

29.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

30.     All Class Members were subject to Defendant's corporate practices of (a) failing to pay wages including overtime wages for all hours worked due to time shaving, (b) failing to

4

provide Class Members with proper wage statements with every payment of wages, and (c) failing to properly provide wage notices to Class Members, at date of hiring and dates of all wage changes, per requirements of the NYLL.

31.     Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

32.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

33.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

35.     Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a)    Whether Defendant employed Plaintiff and Class Members within the meaning of the NYLL;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiff and Class Members properly;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay Plaintiff and Class Members for their work;

d)    Whether Defendant properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

e)    Whether Defendant paid Plaintiff and Class Members for all hours worked, given Defendant's time shaving practices;

f)    Whether Defendant provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

g)    Whether Defendant provided proper wage notices to Plaintiff and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

37.     On or about September 4, 2018, Plaintiff became employed by Defendant to work as a Fleet Administrator.

38.     Plaintiff worked out of Defendant's Westchester Campus located at 1075 Broadway, Pleasantville, NY 10570.

39.     Plaintiff's employment was terminated on or around March 3, 2022.

40.     Because Plaintiff's employment was wrongfully terminated on or around March 3, 2022, Plaintiff may also file a case in state court under the New York Whistleblower statute.

41.     Throughout Plaintiff's employment, Plaintiff was scheduled to work Monday through Friday, from 7:30AM until 3:30PM, with an hour off for lunch for a total of forty (40) hours per week.

42.     Plaintiff was paid a flat weekly salary of less than one thousand dollars per week.

43.     Plaintiff was a non-exempt employee.

44.     FLSA Collective Plaintiffs and Class members were scheduled to work similar hours as Plaintiff.

45.     At all relevant times, Defendant automatically shaved one (1) hour per shift from employees' hours worked based on purported meal breaks.

46.     Based on Plaintiff's experience and observations, however, Plaintiff and all other employees were not able to take their full meal breaks and were routinely required to work through their lunch breaks.

47.     Nonetheless, Defendant automatically, willfully, and indiscriminately deducted a one (1) hour meal break from the employees' compensable work time for each shift instead of tracking actual break times (or the absence thereof) with the readily available punch clock

system.

48.     Through these practices, Defendant categorically reduced its employees' compensable hours every week.

49.     As a result of Defendant's time shaving, Plaintiff, FLSA Collective Plaintiffs, and the Class were not paid compensation for all hours worked.

50.     Plaintiff worked uncompensated overtime in at least the following week(s): 8/23/2019, 5/31/2019, 6/14/2019, 6/28/2019, 7/12/2019, 7/26/2019, 8/9/2019, 9/6/2019, 9/20/2019, 10/4/2019, 10/8/2019, 11/1/2019, 11/15/2019, 11/29/2019, 12/27/2019, 1/10/2020, 1/24/2020, 2/7/2020, 2/21/2020, 3/6/2020, 3/20/2020, 4/3/2020, 4/17/2020, 5/1/2020, 5/15/2020, 5/29/2020, 6/12/2020, 6/26/2020, 7/24/2020, 8/7/2020, 8/21/2020, 9/4/2020, 9/18/2020, 10/2/2020, 10/16/2020, 10/30/2020, 11/13/2020, 11/27/2020, 12/11/2020, 1/8/2021, 1/22/2021, 2/5/2021, 3/5/2021, 3/19/2021, 4/2/2021, 4/16/2021, 4/30/2021, 5/14/2021, 6/11/2021, 6/25/2021, 7/9/2021, 7/23/2021, 8/6/2021, 8/20/2021, 9/3/2021, 9/17/2021, 10/1/2021, 10/15/2021, 10/29/2021, 11/12/2021, 11/26/2021, 12/10/2021, 12/23/2021, 1/7/2022, 2/18/2022, 3/4/2022.

51.     As Plaintiff, FLSA Collective Plaintiffs, and Class Members were similarly scheduled for a forty-hour work week, Defendant's improperly deducted lunch hours were typically uncompensated overtime hours.

52.     Throughout his employment with Defendant, Plaintiff regularly observed and spoke to his co-workers about Defendant's pay practices and policies.

53.     Based on Plaintiff's direct observations and conversations with other employees, Plaintiff, FLSA Collective Plaintiffs, and Class Members were subjected to the same unlawful employment practices of time shaving.

54.     Defendant knowingly and willfully operated its business with a policy of not

paying the proper overtime rate for all hours worked in excess of forty (40) in each workweek due to time shaving to Plaintiff, FLSA Collective Plaintiffs, and Class Members.

55.     Defendant knew that Plaintiff and other similarly situated employees engaged in work over their lunch break, as Defendant's agents required such work.

56.     Defendant knew that despite requiring such work it was automatically deducting an hour lunch break from employees' compensable time.

57.     Defendant knowingly and willfully operated its business with a policy of not providing proper wage statements as required under the NYLL.

58.     Defendant knowingly and willfully operated its business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

59.     Plaintiff retained Mintz & Gold LLP to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

60.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

61.     At all relevant times, Defendant was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62.     Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

63.     At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs

within the meaning of the FLSA.

64.     At all relevant times, Defendant had gross annual revenues in excess of $500,000.

65.     At all relevant times, Defendant had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs the full amount of wages due because of time shaving, including overtime wages, in violation of the FLSA.

66.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendant.

67.     Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

68.     Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendant knew or should have known such was due.

69.     Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

70.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

71.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages including unpaid overtime wages, due to time shaving, plus an equal amount as liquidated

damages.

72.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

73.     Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

74.     At all relevant times, Plaintiff and Class Members were employed by Defendant within the meaning of the NYLL §§ 2 and 651.

75.     Defendant knowingly and willfully failed to pay Plaintiff and Class Members the full amount of regular and overtime wages as a result of time shaving in violation of the NYLL.

76.     Defendant knowingly and willfully failed to provide Plaintiff and Class Members with proper wage statements as required under the NYLL.

77.     Defendant knowingly and willfully failed to provide Plaintiff and Class Members with proper wage and hour notices as required under the NYLL.

78.     Due to the Defendant's NYLL violations, Plaintiff and Class Members are entitled to recover from Defendant unpaid wages due to time shaving, damages for unreasonably delayed payments, interest, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

B. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C. An award of unpaid wages due to time shaving under the FLSA and NYLL;

D. An award of liquidated damages as a result of Defendant's willful failure to pay wages pursuant to the FLSA;

E. An award of liquidated damages as a result of Defendant's willful failure to pay wages, pursuant to the NYLL;

F. An award of all applicable damages under the NYSHRL and the NYCHRL;

G. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

H. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

I. Designation of this action as a class action pursuant to F.R.C.P. 23;

J. Designation of Plaintiff as Representative of the Class; and

K. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
        August 2, 2022

Respectfully submitted,

Mintz & Gold LLP

By: _/s/ Jeffrey D. Pollack_
Jeffrey D. Pollack
Ryan W. Lawler
Adam K. Brody

pollack@mintzandgold.com
lawler@mintzandgold.com
brody@mintzandgold.com
600 Third Ave., 25th Fl
New York, NY 10016
Tel.: (212) 696-4848

*Attorneys for Plaintiff, FLSA Collective Plaintiffs,
and the Class*

## <u>CONSENT TO SUE</u>

I hereby consent to be a plaintiff and sue defendant in this case.

I hereby authorize Mintz & Gold LLP to represent me in this case.

_____  08/02/2022
Michael Krasnansky                          Date