**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL KRASNANSKY, *on behalf of himself, FLSA Collective Plaintiff and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>JCCA f/k/a JEWISH CHILDCARE ASSOCIATION<br><br>Defendant. | Case No.: 22-cv-6577 (KMK) |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff is a former employee of JCCA f/k/a Jewish Childcare Association. The lawsuit was commenced in August 2022 for alleged unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act and New York Labor Law. The parties then participated in mediation through the Court's mediation program, during which the parties agreed upon the terms of a settlement.

This is a joint motion to approve the settlement reached during the mediation.[1] Plaintiff and Defendant, collectively referred to as the "Parties" herein and in the settlement agreement, respectfully request that the Court approve their settlement of the above-captioned matter. As the Plaintiff's action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court.

---

[1] This action is not a class action and the plaintiffs never sought collective action certification, so there are no unrepresented/putative plaintiffs. In addition, the parties are resolving Plaintiff's non-wage claims in a separate agreement. As such agreement does not pertain to Plaintiff's Fair Labor Standards Act claims, it is not being submitted to the Court for review and approval.

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor.  29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]).  Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Cheeks v. Freeport Pancake House, 2015 WL 4664283 (2d Cir. August 7, 2015); See also, Manning v. New York Univ.*, 2001 WL 963982, \*12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

The Parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is attached as Exhibit A, and jointly ask the Court to approve the settlement and dismiss the case with prejudice as set forth in Exhibit 1 to Exhibit A.

## PROCEDURAL HISTORY

Plaintiffs filed the Complaint on August 2, 2022, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York State Labor Law ("NYLL"). [Dckt No. 1].

On September 21, 2022, Defendants filed their answer, generally denying the allegations of the Complaint. [Dckt. No. 14].

On November 29, 2022, the parties appeared before the Court for an initial conference, during which the Court referred the parties to the Court's mediation program.  (no docket number)

A mediation session was held before Mediator Michael Levy on January 24, 2023, where, with the parties actively participating, the parties successfully resolved the case.

## FACTUAL BACKGROUND

Defendant JCCA, formerly known as Jewish Child Care Association, provides care to children, young people and families who come from New York's diverse communities. Their programs include foster and residential care, educational assistance and remediation, case management for young people with mental health challenges and services to families to prevent child abuse and maltreatment.

Defendant hired Plaintiff on approximately September 4, 2018, as its Fleet Administrator and assigned Plaintiff to work out of Defendant's Westchester Campus.  Plaintiff's employment ended on March 3, 2022.  Plaintiff believes he was wrongly terminated.

**Plaintiffs' Claims**

Plaintiff contends that he received a flat weekly salary regardless of hours worked; the amount of his salary was less than the minimum salary required under New York Law for an employee to be exempt from the overtime requirements.

Plaintiff alleged he was scheduled to work Monday through Friday, from 7:30 A.M. until 3:30 P.M., and that Defendant automatically deducted one hour from his time each day for this supposed lunch despite him regularly working thought most, if not all, of his one-hour lunch periods.  Plaintiff also alleged that he was called upon to perform after-hours work but prohibited from reporting such work.

Defendant denies these allegations.

Plaintiff did not seek collective action certification of the case. No non-parties current or former employees will be affected by the settlement of this case.

**THE SETTLEMENT**

In his best-case scenario plaintiffs' total damages may have approached $30,000. This included unpaid wages and overtime compensation and liquidated damages at 100% of damages. Of course, defendant had defenses and the eventual outcome of the case entailed risk to both parties. Throughout all negotiations, the parties participated in good faith and with experienced counsel.

Plaintiff understood that any settlement would be for less than what he could be awarded if he could win at trial. His goal was to obtain monetary relief, not a judgment, and to expeditiously resolve his claim for the best possible amount.

The parties represent that the settlement is a fair and reasonable resolution of bona fide disputes, reached as a result of court-facilitated mediation, and ultimately resolution of a difficult case. The amount of the settlement is fifteen thousand dollars ($15,000.00). The proposed distribution of the settlement is: $9,495 to Plaintiff, $5,000 to Mintz & Gold LLP in satisfaction of attorneys' fees, and $505 to Mintz & Gold LLP in reimbursement of costs. Attorneys' fees represent *one-third* of the settlement. Plaintiff expressed satisfaction with this resolution.

Exhibit B to this application is Plaintiff's counsel's billing records. Notably, the parties request restoration of the case to the trial calendar in the event of default after notice and an opportunity to cure, providing protection to the Plaintiff in case of non-payment.

The parties recognized that there were valid factual disputes concerning the hours worked by the Plaintiff and the sufficiency of the wages he was paid.

Counsel on both sides have experience in this area of practice, and worked with their respective clients to reach a fair and efficient resolution. Indeed, the parties respectfully submit

that the settlement clearly "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  Here, the settlement was reached as a result of repeated arm's length negotiations, between counsel who are well versed in the prosecution and defense of wage and hour collective actions, and as a result of Court-ordered mediation. Courts typically regard the adversarial nature of a litigated FLSA case resolved via mediation to be a good indicator of the fairness of the settlement. *See*, *Aponte v. Comprehensive Health Management, Inc*., 2013 WL 1364147 at *4 (S.D.N.Y. 2013). Just as Magistrate Judge Gabriel W. Gorenstein found in *Lliguichuzhca*, "[g]iven that the proposed settlement is the result of arm's length bargaining between represented counsel during contested litigation…", the court should find it fair and reasonable under the circumstances of this case.

### ATTORNEYS' FEES

The FLSA provides for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law 198(1-a), 663(1). The FLSA and state wage and hour laws provide for fee-shifting to ensure that workers are not disadvantaged when they use the courts to recover unpaid wages guaranteed by statute. The fee-shifting provisions are intended to help overcome these hurdles and encourage competent counsel to take on representations and skillfully represent their clients. In this case plaintiff's counsel requests one-third pursuant to its retainer with the plaintiffs. Recognizing the

"significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014).

With regard to the court's cross-check for the reasonableness of fees, Attorney Jeffrey Pollack has been Plaintiff's counsel since the inception of the case. He graduated *cum laude* from Boston University School of Law with a J.D. in 1990, where he was an Editor of the Law Review. He began his career at Skadden Arps. Since graduating law school in 1990, Mr. Pollack's practice has been largely devoted to labor and employment law. He has litigated hundreds of cases from inception through disposition. Additionally, he regularly writes and speaks on various labor law topics, including the wage and hour laws. He is admitted to practice in the State of New York and the Southern and Eastern Districts of New York. Mr. Pollack is also an arbitrator and mediator for labor and employment matters, as well as a Special Master for the Appellate Division Second Department.

In this case, the fee requested is less than what the firm would have billed hourly in its representation of Plaintiff.

## CONCLUSION

Wherefore, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties in the amount of $15,000. Defendant is a non-profit dedicated to providing care for children and young people. The Agreement permits a reasonable settlement without the parties having to incur the expense and significant risk of trial. The parties seek fees in the amount of one-third, to be paid from the settlement. The fee is less than

Plaintiff's counsel would have billed on an hourly basis and represents what the Plaintiff agreed

to in the retainer.

WHEREFORE, the Parties jointly and respectfully request that this Court approve the

Settlement Agreement of the Parties and order the parties to file the dismissal of the action with

prejudice as set forth in Exhibit 2.

Dated:  March 7, 2023
        New York City


| | |
|---|---|
| MINTZ & GOLD LLP | JACKSON LEWIS P.C. |
| Jeffrey D. Pollack | Jason A. Zoldessy |
| _____ | _____ |
| Jeffrey D. Pollack | Jason A. Zoldessy |
| 600 Third Avenue, 25th Floor | 666 Third Ave., 29th Floor |
| New York, New York 10016 | New York, NY 10017 |
| (212) 696-4848 | (212) 545-4000 |
| pollack@mintzandgold.com | jason.zoldessy@jacksonlewis.com |
| Attorneys for Plaintiff | Attorneys for Defendant |